UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO: 14-86 |
| ANTHONY GIBSON | SECTION: "J" |

## ORDER & REASONS

Before the Court is a *Motion for Compassionate Release* **(Rec. Doc. 562)** filed by Defendant, Anthony Gibson. The Government filed an opposition thereto (Rec. Doc. 567), and Defendant filed a reply. (Rec. Docs. 574). Having considered the motion and memoranda, the record, and the applicable law, the Court finds that Defendant's motion for compassionate release should be **DENIED**.

## FACTS AND PROCEDURAL BACKGROUND

On March 5, 2015, Defendant pleaded guilty to one count of a superseding indictment for conspiracy to distribute 6.16 kilograms of heroin in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. (Rec. Doc. 137). On February 8, 2018, the Court sentenced Defendant to 120 months' imprisonment. (Rec. Doc. 411). Defendant is serving his sentence at FCI Seagoville, with an anticipated release date of August 3, 2022. He has served approximately 90 months and has credit for good conduct time of approximately 13 months, for total time served of approximately 103 months.

On April 23, 2021, Defendant filed a motion in this Court for compassionate release under 18 U.S.C. § 3582(c)(1)(A), relying on the threat posed by the COVID-19 pandemic. (Rec. Doc. 562).

## LEGAL STANDARD

"A court, on a motion by the [Bureau of Prisons ("BOP")] or by the defendant after exhausting all BOP remedies, may reduce or modify a term of imprisonment, probation, or supervised release after considering the factors of 18 U.S.C. § 3553(a), if 'extraordinary and compelling reasons warrant such a reduction.'" *United States v. Chambliss*, 948 F.3d 691, 692 (5th Cir. 2020) (quoting § 3582(c)(1)(A)(i)). To meet the exhaustion requirement, a defendant must submit a request to "the warden of the defendant's facility" for the BOP "to bring a motion [for compassionate release] on the defendant's behalf." § 3582(c)(1)(A). If the request is denied, the defendant must pursue and exhaust "all administrative rights to appeal." *Id.* Alternatively, the requirement is considered satisfied after "30 days from the receipt of such a request by the warden." *Id.*

When a defendant has met the exhaustion requirement, the Court has the authority to reduce a defendant's sentence if it finds (1) that extraordinary and compelling reasons warrant a reduction under § 3582(c)(1)(A)(i); and (2) that the reduction is consistent with the applicable sentencing factors set forth in § 3553(a). *United States v. Shkambi*, 993 F.3d 388, 393 (5th Cir. 2021).

## DISCUSSION

There is no dispute that Defendant has met the exhaustion requirement, thus the Court must evaluate the merits of Defendant's motion. When deciding whether to grant compassionate release, the Court must determine whether Defendant has demonstrated "extraordinary and compelling reasons" to justify the reduction of his sentence. In *Shkambi*, the Fifth Circuit held that district courts are not bound by the limits of § 1B1.13 in determining which circumstances are extraordinary and compelling. *Id.* at 392. However, the Fifth Circuit has also held that the guideline commentary "informs our analysis as to what reasons may be sufficiently 'extraordinary and compelling' to merit compassionate release." *See United States v. Thompson*, 984 F.3d 431, 433 (5th Cir. 2021), *cert. denied*, No. 20-7832, 2021 WL 2044647 (U.S. May 24, 2021).

The Government concedes that, if an inmate has established that he has a chronic medical condition from which he is not expected to recover and that condition constitutes a CDC risk factor that definitely elevates the inmate's risk of becoming seriously ill from COVID-19, then the inmate has shown that he suffers from a serious medical condition.[1] (Rec. Doc. 567 at p. 10). However, the Government explains that these medical conditions would only meet the standard of "extraordinary and compelling circumstances" if the inmate would have a

---

[1] *Certain Medical Conditions and Risk for Severe COVID-19 Illness*, Centers for Disease Control and Prevention, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html#heart-conditions (last visited July 26, 2021).

3

diminished ability to provide self-care to prevent serious injury or death as a result of infection with COVID-19 within the environment of a correctional facility. (*Id.*).

In this case, Defendant alleges that he has bullets lodged inside of him, which make him particularly susceptible to COVID-19. (Rec. Doc. 562 at p. 7). Defendant also alleges that he suffered from asthma as a child and that he has a family history of diabetes and high blood pressure (*Id.*). Defendant has provided no evidence that he currently suffers from any condition that is included in the CDC's list of risk factors. Further, Defendant has provided no medical evidence that the bullets lodged inside of him would make him particularly susceptible to COVID-19. More importantly, Defendant was offered Moderna's COVID-19 vaccine and refused to take it. (Rec. Doc. 567-3).

Courts have held that, once vaccinated, the efficacy of the COVID-19 vaccines preclude the argument that a prisoner's susceptibility to the disease is extraordinary and compelling for purposes of § 3582(c)(1)(A).[2] Thus, courts across the country have consistently held that an inmate's decision to refuse the COVID-19 vaccine weighs heavily against a finding of extraordinary and compelling circumstances.[3] Indeed, to hold otherwise would give prisoners a perverse incentive to avoid vaccination in the hopes that their choice to unnecessarily remain susceptible to COVID-19 increases their likelihood of receiving compassionate

---

[2] *See, e.g., United States v. Smith*, 2021 WL 364636, at *2 (E.D. Mich. Feb. 3, 2021); *United States v. Kariblghossian*, 2021 WL 1200181, at *3 (C.D. Cal. Mar. 29, 2021); *United States v. Brown*, 2021 WL 1154207, at *3 (S.D.N.Y. Mar. 26, 2021).

[3] *See, e.g., United States v. Baeza-Vargas*, 2021 WL 1250349, at *2-3 (D. Ariz. Apr. 5, 2021); *United States v. Jackson*, 2021 WL 1145903, at *2 (E.D. Pa. Mar. 25, 2021); *United States v. Austin*, 2021 WL 1137987, *2 (E.D. Mich. Mar. 25, 2021).

release. *United States v. Figueroa*, 2021 WL 1122590, at *5 (E.D. Cal. Mar. 24, 2021) (Mueller, C.J.) ("If defendants could buttress their motions for compassionate release by refusing a safe and effective vaccine, they would be operating on an unfairly perverse incentive.").

Unless there is a dramatic shift in the current scientific consensus regarding the efficacy of the available COVID-19 vaccines, or a prisoner can demonstrate with persuasive medical evidence that he suffers from a medical condition which prevents him from receiving the vaccine, the Court holds that a prisoner's refusal to receive the COVID-19 vaccine precludes any argument that his susceptibility to the disease is extraordinary and compelling. In this case, Defendant has refused to receive the COVID-19 vaccine and has not provided any medical evidence that he would suffer adverse effects from being vaccinated; therefore, Defendant has failed to demonstrate extraordinary and compelling conditions warranting compassionate release.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Anthony Gibson's *Motion for Compassionate Release* **(Rec. Doc. 562)** is **DENIED**.

New Orleans, Louisiana, this 27th day of July, 2021.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE